Zarte v. Ashcroft Good afternoon, Your Honors. My name is Marina Pineda-Camariotis, and I represent the petitioners Salvador Asarte and his wife Celia Castellan. There was an abuse of discretion when the BIA denied the petitioners' motion to reopen. Petitioners had filed an appeal from their son, who was diagnosed with attention deficit disorder and hyperactivity. The petitioners' motion was rejected because of the denial of the cancellation of removal case. And specifically, they lost the cancellation of removal case because they couldn't meet the extreme hardship standard, which is, of course, the exceptional and extremely unusual hardship factor. When they filed the motion to reopen, they filed it because they had new evidence. Their son had been diagnosed with attention deficit disorder and hyperactivity. Kennedy, as I understand the issue here, the BIA said that they did not have any jurisdiction. Is that right? That there was the – they could not consider the motion because the plaintiff was not eligible to file it because he had overstayed. That's correct, Your Honor. So we don't really – it doesn't really matter much how much merit there was to the motion. The question really is, did the BIA – was it correct legally when it said that because the alien had overstayed, he could no longer – they could no longer consider the motion? Well, Your Honor, when the petitioners filed the motion to reopen, they still filed it within the 30-day voluntary departure period. The voluntary departure period ran from April 23rd, and 30 days later, that would be May 30th. They filed a motion to reopen on May 16th. The respondent's brief states it as June 17th, but actually June 17th is the BIA's acknowledgment of the receipt of the motion to reopen. And in fact, there are – and within that receipt, it also says that they received the motion to reopen May 16th. And it's also stamped all over the motion that indicate that the board received this motion on May 16th. In addition to that, the petitioners also styled their motion to reopen, motion to reopen and reconsider, as well as stay of removal. And my point here is that the petitioners, in effect, put the BIA on notice, that they were going to – that they were cognizant of time running out for them. Can I ask you about that? Trying to fit all the statutes and regulations together, and I'm looking at 1003.2 on reopening and reconsideration, and it says that when you file that motion, it doesn't stay the execution of a decision unless a stay of execution is granted. So I guess if I could finish, because I'm trying to understand this. Could your client have moved for a stay of execution, or was that what was done as part of the motion? I think that's what they were trying to do. This motion was filed in pro se. They didn't have an attorney who filed a motion to reopen. They had an attorney below filing the appeal, but they didn't have an attorney to file the motion to reopen. And I think in their own way, whoever prepared this at least had the – did say or did state on – did style it stay of removal. And, in fact, the board – So did the – if it's construed as a request for stay of execution of the removal or whatever deportation, was that ever ruled on by the BIA? Well, in Section 3.2f, the board does have the authority to stay an execution of any decision. So I believe that gave the board that authority to stay the execution being – stay the execution of the voluntary departure. Let me go back. Listen to my question. Oh, I'm sorry. Did the board rule on that issue? No, they didn't. Okay. And then the other issue that I'm a little confused about, and I'll also ask the government, sort of the – the way this has been presented is that this is catch-22 because you can only extend the voluntary departure for 60 days, but you have the 90 days to reopen and you can find yourself kind of caught between these things. That's correct, Your Honor. Is the 60-day extension for voluntary departure, is that separate from the ability of the board to issue a stay of execution? In other words, does a stay of execution have any time or temporal aspect to it? It doesn't appear so, Your Honor. It just says in that particular section, 3.2f, that the board may stay an execution of any decision, and so it doesn't state that it has to be any particular timeline. And so they could have, and they didn't in their denial of the motion to reopen. In fact, in the motion to reopen, it says, well, because the Petitioners failed to depart, they didn't request an extension of the voluntary departure, and that they failed to provide an explanation for failing to depart. Well, filing the motion to reopen with the evidence of their son's medical, special medical and educational needs, that I think probably provides the best evidence or the best explanation for their failure to depart. And the BIA also has authority to reinstate voluntary departure in a removal proceeding that has been reopened, and that's found in another section of the H.C.F.R. at 240.6. I can't really apply here because we haven't reopened it. Nothing's been reopened yet, right? Well, no. But I'm citing that for the proposition that the BIA also has some authority elsewhere in the banks that they could have utilized in order to toll the voluntary departure period while they would consider the merits of the motion to reopen. I believe in this case that the Petitioners made a reasonable effort to maintain their voluntary departure status, and that the BIA didn't acknowledge and didn't act on their request for a stay of removal. And for failure of the board to act, they basically punished the Petitioners by denying the motion to reopen. Now, of course, this brings up the broader issue of how do you recognize and reconcile the two statutes or two regulations. One, it says that an applicant has 90 days to file a motion to reopen after a decision, and yet you have voluntary departure period for 30 days only when the BIA denies there an appeal. In the case of Schar, the point was made that the Petitioner in that case should have requested an extension of voluntary departure from the district director. But if you have a motion to reopen that's pending before the BIA, a quasi-judicial body, then what authority or you're asking then the district director to issue a decision or make a determination of the motion. Now, if you have a motion to reopen, you have 60 days, right? Pardon? That wouldn't really solve the problem, because you can only get 60 days out of that deal. That's correct, Your Honor. If they don't rule on your motion like ASAP, it doesn't do you any good to get an extension. Right. Exactly. Exactly. Okay. What I would argue here is that, or whatever proposed, is perhaps making a rule, basically putting together an equitable rule that one would toll, that the BIA should toll the voluntary departure period while it considers the merits of the motion to reopen. I mean, this is what this Court had done in Contreras-Aragon, because it didn't want to sanction the policy that forced an applicant to choose between voluntary departure and pursue judicial review. Of course, all this changed when the law changed and allows the Ninth Circuit or the court of appeals to be able to adjudicate a petition to review while the applicant or the petitioner is outside of the United States. And I argue here that we basically have the same situation here. You're basically forcing a petitioner to either pursue voluntary departure or, I'm sorry, to pursue the motion to reopen or forego their opportunity to file the motion to reopen with evidence, in this case of a special needs, special health and educational needs, or abandon that effort by taking voluntary departure. I mean, basically leaving is defeating the very purpose of the motion to reopen because the regulations basically then say that the motion is then deemed abandoned. Basically, the petitioners here want an opportunity to be heard. Cancellation and removal cases are very difficult to win. And, in fact, the judges look at what the special needs are, medical or educational needs of a child. And the evidence presented in the motion to reopen clearly falls within the mandate or clearly falls within the matter of Montreal BIA case, which says you look at the special health concerns or special educational needs of the child. Finally, I would ask that this Court remand the case back to the BIA. Have the BIA reinstate voluntary departure from filing of the motion to reopen, toll the voluntary departure while the BIA reviews the petitioner's evidence of their son's special medical and educational needs. Thank you, counsel. Thank you, Your Honor. May it please the Court. Jennifer Keeney for the government. The only issue before this Court is whether the Board abused its considerable discretion in denying the motion to reopen. Petitioners requested and were granted the privilege to voluntarily depart. They were given the warnings of the failure to voluntarily depart. They failed to voluntarily depart.  Does that mean that in exchange for being given 30 days to voluntarily depart, they had to surrender their right to have 90 days to file a motion to reconsider? Well, in this case, I think that this case falls directly under Schar v. Simon. Is that the answer to that question, yes? That in order to, in exchange for the privilege, as you put it, of being allowed to depart instead of being penalized so they couldn't come back, that in exchange for that voluntary departure, they were required to surrender their right to file a motion to reopen within 90 days? Well, it appears that that's what Congress or it's clear from the statute that that's what Congress had intended by having this. So that's the issue. Did Congress intend to forfeit the right to file motions to reopen for people who receive voluntary departure? Well, I think this case, I think, is a little different. I think that, first of all, this Court has already decided that issue in Schar, and I've held the board's decision that the... But without telling us what we did, you would think that's what Congress did. Congress intended to prevent people who get voluntary departure from filing motions to reconsider. I don't think it's that clear. I think that the part of the statute that considers a motion to reopen withdrawn if the alien departs applies evenly to all aliens, regardless of whether they had the privilege of voluntary departure or not. So if they're deported during that time, their motion to reopen is also withdrawn. So it's evenly applied. I wasn't asking you whether it was applied to others. I wasn't asking you whether it was even. I asked you whether Congress intended to deprive people who receive voluntary departure of the right to file motions to reopen. And it's perfectly fine if you say yes, but I'm just trying to find out. And I think that's what your position is. That's what our position is. Okay. I apologize for not answering directly. Sure. It sometimes takes a while. And like I was saying before, under Schar, I think that this case is very analogous to the situation that happened in Schar. In Schar, they were not practically deprived, because in Schar they could continue to ask for extensions. There was no limit on the time period of the extensions they could receive. That's changed now. That has changed. The time limit that you could ask for an extension has changed. So Schar didn't require you to forfeit your right to ask for motions to reopen. You just had to ask for extensions. And it was under the Attorney General's discretion to grant those extensions, so it wasn't guaranteed. In this case, to clarify a question that you had asked earlier, the district director can extend up to 120 days. Under my regulation? Right. It's 240 under the regulations, 240.25. 240 what? Say it again. 240.25C. Oh, 25 CFR. Those are in the CFR. That's in the CFR, yes. Okay. He can extend up to 120 days. And I was before this, before I came before this panel, I was calling around to verify this, but it appears that it's in the aggregate, so it would include the 60 days that was already given, so they could give an extra 90 days. And they didn't seek an extension in this case. It sought a stay from the BIA. And based on the record on the notice that the Board received the stay, it doesn't indicate, or the motion to reopen, it doesn't indicate that the Board interpreted it as a stay. And there's nothing. Plus for stay of removal. Okay. There's nothing in the record to indicate that the Board took it as a stay. Let's just stick with that, if you would. Okay. If we're going to come back to the document, but if somebody has a voluntary departure date and now they want to move to reopen under 1003.2, can they ask for a stay of execution of the voluntary departure and everything else that was going on? No. Why not? The only authority to extend voluntary departure time is with the district director. The Board does not have the authority, and this was decided in Schar as well, that they're not going to toll the voluntary departure time. But this is different. To toll it is different. A tolling is a legal thing. Right. A granting is something different. So my question is, if they had you're saying that the BIA doesn't have the authority to grant a stay of removal or a stay of voluntary departure? A stay of voluntary departure. That's correct. And why don't they have that under do they have a authority to grant a stay of deportation? Yes, they do. But not a stay of voluntary departure. Well, voluntary departure is essentially an agree they requested and were granted voluntary departure, and it's agreement between the service and the alien or the Petitioners in this case that Petitioners will not have the stigma and the consequences attached to being deported by the service. And in this case, they're asking, they want the benefit of the stay of voluntary departure without living up to the obligation of it. I think that it is clear that the, I mean, with the new regulations and statutes that we have. The only reason they want the, one reason they want the benefit is that they don't want to be, it's like you can move for a motion to reopen, but you can't really because you're going to be automatically disqualified. And, I mean, basically if the service just sits on stuff, you would never be able to advantage yourself of a motion to reopen if you were in a voluntary departure situation and something didn't happen within 120 days, correct? Well, I want to distinguish a general from specifics in this case. Okay. In this particular case, based on the record, and I can point specifically to it in their motion to reopen, the material that they had available to them appears to have been available prior to the first board decision. But that's not the basis on which this was denied. This was denied on the basis that they were ineligible to have it considered. It goes along with the same rationale in Schar, which was that it. But it was not because of the substance of the, of the application, that they could have filed it earlier. That was not the reason. The reason this was denied, and we can't look for other reasons, is because they hadn't deported voluntarily. Correct. I wasn't trying to give other reasons. I was pointing, I was simply pointing out that in this particular case, these Petitioners had an opportunity to present this new evidence, this alleged new evidence. That's irrelevant to the issue before us. The issue before us is, was the board right in denying the, refusing to consider the motion to reopen because they hadn't voluntarily deported? That's correct. And that's the only issue before us. Well, based on the statute, then that's, it's clear that that's, those are the consequences for failing to depart voluntarily. You're right. You're right. The motion to reopen. The motion to reopen. You forfeit your right. All aliens forfeit their right to file a motion to reopen if they are deported or if they voluntarily depart with the privilege to voluntarily depart. Who did Congress intend to have the benefit of this motion to reopen? Well, the motion to reopen. Hold on. Why did they provide it? You tell us that they, it's not fair for people who are good enough to get voluntary departure, but those who are denied voluntary departure can have it unless you get around to deporting them quickly. So who is it intended to benefit, this motion to reopen? Well, as this Court and the Supreme Court have pointed out, motions to reopen are disfavored. Okay. The answer is it was not intended to benefit anybody? Well, the answer is that motions to reopen allow Petitioners such as this case. I don't seem to be able to answer a question when I ask you. I said who was it intended to benefit? I don't want a speech about the whole, you know, what, how we view motions to reopen. The question is very simple. You say it's not intended to benefit people who receive voluntary departure. It's not intended to benefit people when you deport them in time. Why did Congress put in motions to reopen? For whose benefit? I'm sorry. I cannot answer that question specifically. I was trying to answer it the best that I'm aware, which is that Congress intended to have expedite proceedings and not allow Petitioners to stay around indefinitely filing motions to reopen. That's why there's time limits to filing it, and that's why there's a limit to motions to reopen. And therefore, Well, let me ask you about that. You had made a statement before that they had this information before the BIA decision came down. Should they have moved to reopen during that time? And weren't they past the period in which they could reopen the proceedings? No. No. The information was available to them prior to the first board decision. There are two documents that they included. Okay. But then what's their procedure? Well, they would file a motion. I mean, they would file a motion with the board because their decision, their first removal, final order removal hadn't come down yet, to consider new evidence prior to the first board's decision. Therefore, the board would have had an opportunity to consider this alleged new evidence in their initial decision in weighing and deciding whether there was, if they qualified for cancellation of removal or not. And this is, I think this is an example of why there's a limitation on. Is there a regulation that authorizes that? That authorizes it? Motion to reopen to admit new evidence. Yes, there is. Do you want me to cite to it? Yes. It's 1003.2. C. 1003.2C. And what does it say? A motion to reopen proceedings shall state the new facts that will be proven at the hearing to be held if the motion is granted, and shall be supported by affidavits and other evidentiary material. Okay. Here's the difficulty I have, is doesn't C really append itself to A, in which the motion for reopening under 1003, I guess you guys call it 3.2 in the trade. Yes. Okay. 3.2A says that the board can reopen or reconsider any case in which it has rendered a decision. And it hadn't, the board hadn't rendered a decision here, so I'm not sure that C is  No, it wouldn't have been. No, I guess my point is, is the information, if you look at, that was included  I understand. Okay. Well, I was just saying that in that case, it would be just like if you received new evidence before a court decided here. You would submit a 28J with the new case law that might be relevant. Where does it say this is how you do that and this is the procedure for doing that? I don't know. I can't point to something at this point. And the reason I'm asking, I think it's not just kind of hypothetical, but if there's not a, an established procedure for that, and I'm not sure it's under this 3.2A or C. No, it wouldn't be under the motions to reopen. Okay. So it's really not under 3.2. No. So if there's no particular procedure for it, then I'm kind of hard-pressed to figure out why they would have been, they could have maybe made up a procedure, but I'm hard-pressed to figure out why they would have been compelled to do it before. Compelled to provide the alleged new evidence prior to the ---- Between November 1 when they got the report and when they got their decision. Which was 5, right. April 23. Five months later. They had, I think that, and, I mean, I can't tell you specifically the procedures, and I would be more than happy to, you know, submit a supplemental briefing on it, because I know that it does happen, reading through hundreds of these records, that during the proceedings they can file some kind of document with the board. You can file any motion. You just make it up and file it and see what happens. Lawyers do that in district court all the time. They just make up a motion and file it. So just to be clear, you're saying that the only person who could grant their voluntary departure extension was the district director, not the board. Right. Once the board grants the, or gives the privilege of voluntary departure at the end of the hearing and tells them the consequences, it says in the decision that any further extensions ---- I know it says that in the decision, but where does it say the ---- it just seems odd to me that the board, which is a lot bigger than the district director in terms of authority, couldn't grant a stay of execution of its own order. Well, in fact, when the board makes a decision, doesn't it give them an additional 30 days? So it does give another voluntary departure extension. I'm not able to ---- I don't ---- I'm not sure about that particular issue. I would ---- Well, here they give an extra 30 days further. Right. On April 23. I'm trying to figure out the board's authority, and you're saying, well, they can't do it. But if they can give them 30 days, why can't the board say, and I suspend the voluntary departure provision in the motion to reopen? I don't have to, but I do. I mean, in other words, what I'm wondering is I don't think they ever ruled on this issue. And I would be happy to submit supplemental briefing on that if you would want it. If we want it, then we'll let both counsel know. Okay. But I do know that, for example, in this record, the immigration judge, when they were giving the warnings of failing to depart, did state that if they filed a brief to the board, an appeal to the board, then their voluntary departure time would be stated until the board made its decision on the direct appeal. Right. So as far as pointing to specific regulations or statutes, I would have to look that up. I don't know that. Thank you. Thank you, counsel. Thank you very much. Do you have some time left? Okay. I wanted to address the issue about extension. And I think it's basically a matter of semantics. To extend basically is just to then keep the status quo, in this case, stay a voluntary departure time period from continuing to run for a certain amount of time. And the board has the authority to, quote, unquote, stay any execution, stay the execution of any decision. So they could have used that. That also gives the board authority to stay the decision to grant the privilege of voluntary departure. In terms of introducing new evidence, the procedure that I know of is called a motion to remand. And the motion to remand would be treated as a motion to reopen. And that's how I believe that the Petitioners could have used. But that's a different matter. I don't know why their attorney didn't do it or if the attorney knew about the new evidence. Is there a regulation that says you have the right to file a motion to remand? You know, I don't know offhand. Or is it just something in the trade that everybody knows you can do? I believe, actually, I think it is in the regulation, or I've just seen it and I know that it's something that can be done. If you don't know, don't guess. One more thing about the evidence. The motion to reopen provision doesn't say you can't file information that's not, in this case, a few months old. It just says new material, material that wasn't available at the time of the hearing. Well, in this case, you know, their hearing was many years before. It was approximately four years, maybe, three to four years before. Well, I assume the board doesn't have any idea about any of this anyway, since it could not look at the application in its view because you had no right to file one. So I assume the board doesn't know whether it was new information, old information or whatever. They just said you can't file an application. Because you didn't leave. Because you didn't leave the country, in which case you couldn't have filed it either. That's correct, Your Honor. Okay.  Thank you.  Court is adjourned. Adjourned for the day. How do you guys not get sick? How do you guys not get sick in this place? Oh, ma'am. I was walking. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh. Oh.  Oh. Oh. Oh. Oh. Oh.
judges: Reinhardt, McKeown, Paez